*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| (none) | | (none) |

**Proceedings:**     (In Chambers) Order Adopting Report and Recommendation

**I.     Introduction**

This matter is before the Court on Magistrate Judge Rosalyn M. Chapman's Report and Recommendation ("R&R") regarding Petitioner Del Banjo's ("Petitioner") petition for habeas corpus. On April 2, 2007, Petitioner filed the instant petition for habeas corpus. On June 27, 2007, Respondent Robert L. Ayers, Jr. ("Respondent") filed a motion to dismiss this action. On September 27, 2007, Judge Chapman issued her R&R on this motion. Pursuant to 28 U.S.C. § 636, we have reviewed the entire case file *de novo*, including the R&R and Petitioner's objections filed on December 11, 2007.

**A.     Prior Proceedings and Factual Background**

On July 13, 2000, in the Los Angeles County Superior Court (case no. BA198122), Petitioner was convicted by a jury of one count of kidnapping with intent to commit rape and/or sodomy in violation of Cal. Penal Code § 208(d), and one count of sodomy in violation of Cal. Penal Code § 286(c). On January 8, 2001, Petitioner was sentenced to a term of twenty-five years to life in state prison. Petitioner appealed his judgment of conviction to the California Court of Appeal, which affirmed the judgment. On September 9, 2002, Petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied review on October 16, 2002.

On December 30, 2003, Petitioner filed a petition ("First Superior Court Petition") for writ of habeas corpus in the superior court requesting relief on three grounds: (1) false testimony was introduced against Petitioner; (2) the prosecution violated the Due Process Clause of the Fourteenth Amendment by using perjured testimony in securing Petitioner's conviction; and (3) ineffective assistance of counsel.

As to the first ground, Petitioner had argued that he was not guilty of raping the victim, but had instead engaged in consensual sex with the victim, who he argued was a prostitute. Petitioner argued

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

that the victim committed perjury when she testified that she was not in fact a prostitute. As to the second ground, Petitioner argued that the prosecution knew that the victim was a prostitute, but allowed the victim to testify to the contrary and used such evidence to convict the Petitioner. Finally, as to the third ground, Petitioner argued that his trial counsel had failed to properly investigate evidence that would have allowed Petitioner to prove that the victim was a prostitute.

In support of his claim that the victim was in fact a prostitute, Petitioner introduced a single witness, Salvatore Guletta ("Guletta"), who had been the manager of the apartment where the victim had lived at the time. After holding an evidentiary hearing on November 12, 2004, the superior court denied the First Superior Court Petition on January 28, 2005, citing the fact that it did not find Guletta credible as a witness. On February 4, 2005, Petitioner filed a motion for reconsideration, which the superior court denied on February 10, 2005.

On July 6, 2005, Petitioner filed a second petition ("Second Superior Court Petition") for writ of habeas corpus in the superior court, bringing the same three claims as those in the First Superior Court Petition, but with declarations from three additional witnesses purporting to corroborate Petitioner's claim that the victim was a prostitute. The superior court denied the petition on July 27, 2005, finding that because all three witnesses were located in the Southern California area at all relevant times, Petitioner should have presented them in the First Superior Court Petition.

On September 29, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal ("CCA Petition"), which was denied on April 11, 2006. On May 18, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court ("CSC Petition"), which denied the petition on March 21, 2007. Petitioner filed the instant petition on April 2, 2007 under 28 U.S.C. § 2254.

**II.     Analysis**

   **A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon a state prisoner seeking federal habeas review of his or her underlying conviction and sentence. 28 U.S.C. § 2244(d)(1). AEDPA's one-year statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

As discussed above, Petitioner was convicted on July 13, 2000, and the California Supreme Court denied review on October 16, 2002. Where, as here, a petitioner does not seek certiorari in the United States Supreme Court, the direct review process is over at the end of the ninety-day period during which Petitioner could have sought certiorari, and the judgment is final for the purposes of AEDPA's statute of limitations. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc). Thus, the statute of limitations began to run in this case on January 15, 2003, and expired on

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

January 14, 2004. Petitioner did not file the instant petition until April 2, 2007, over three years after the statute of limitations had run. Therefore, the pending petition is time-barred unless Petitioner is entitled to statutory tolling.

    **B.**    **Statutory Tolling**[1]

AEDPA's tolling provision states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Here, AEDPA's statute of limitations began running on January 15, 2003, the date the California Supreme Court's denial of direct review became final. Petitioner did not file the First Superior Court Petition until December 30, 2003, 350 days after the statute of limitations began running. There is no doubt that statutory tolling began the date the First Superior Court Petition was filed, but only 15 days of the statute of limitations remained for Petitioner to file his petition for federal habeas review. It is clear that the statute of limitations was tolled from the filing of the First Superior Court Petition until the motion for reconsideration was denied on February 10, 2005. It is the extent of any tolling subsequent to February 10, 2005 that we must resolve here. That question turns on whether Petitioner's state habeas review was still "pending" after February 10, 2005.

In *Carey v. Saffold*, 536 U.S. 214, 221 (2002), the United States Supreme Court addressed the definition of "pending" in the context of California's unique "original writ" system of state habeas review. The Court held that an application is "pending," and the statute of limitations thus tolled, until it "has achieved final resolution through the State's post-conviction procedures." *Id.* at 220. The Court stated that "California's collateral review system differs from that of other States in that it does not require, technically speaking, appellate review of a lower court determination." *Id.* The Court also noted that California "determines the timeliness of each filing according to a 'reasonableness' standard," rather than the usual 30 or 45 days required for filing a notice of appeal in "appeal" states. *Id.* However, the Court concluded that "California's system functions in ways sufficiently like other state systems of collateral review to bring *intervals between a lower court decision and a filing of a new petition in a higher court* within the scope of the statutory word 'pending.'" *Id.* at 223 (emphasis added).

    **1.**    **The Second Superior Court Petition Began a Second Round of Review**

*Saffold* suggests that a state habeas petition is only pending insofar as a petitioner proceeds to a higher state court. Here, however, Petitioner filed an additional petition in the superior court before proceeding to the court of appeals. The Ninth Circuit has stated that "in the absence of undue delay," *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (quoting *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)), California state prisoners filing for federal habeas review are "entitled to 'one full

---

[1] Petitioner does not argue that he is entitled to equitable tolling. Thus, we will not consider whether he is entitled to such tolling.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

round' of collateral review in state court free from federal interference." *Welch v. Carey*, 350 F.3d 1079, 1982 (9th Cir. 2003) (quoting *Saffold*, 536 U.S. at 220); *see also Delhomme*, 340 F.3d at 819. However, the Ninth Circuit has defined "one full round" as "includ[ing] the interval between the disposition of a post-conviction habeas petition and the filing of an appeal or habeas petition at the *next state appellate level*." *Delhomme*, 340 F.3d at 819 (emphasis added). Petitioner's filing of his Second Superior Court Petition on July 6, 2005 therefore appears to conflict with what the Ninth Circuit and the United States Supreme Court have set forth as "one full round." The Ninth Circuit cases proscribe tolling for intervals between state habeas petitions filed at the same level. *See Biggs*, 339 F.3d at 1048 (finding that a petitioner "kicked off a new round of collateral review" and thus was not entitled to statutory tolling between the first and second round because "[h]e was no longer pursuing his application for habeas relief *up the ladder* of the state court system" (emphasis added)). As Petitioner was not pursuing habeas relief "up the ladder of the state court system" in filing his Second Superior Court Petition, *Biggs* requires that we view the Second Superior Court Petition as starting a new round of review. As such, statutory tolling expired on February 10, 2005, and Petitioner's application for federal habeas review must be denied as untimely.

### 2. The Second Superior Court Petition was Improper

We also conclude that the Second Superior Court Petition was procedurally improper under both federal and California law. Petitioner argues that the *King* exception, elucidated in *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), applies here. We disagree.[2] We also question whether the Second

---

[2] In *King*, the Ninth Circuit denied tolling for the period during which subsequent state habeas petitions were pending, because "[t]hey made no attempt to correct [the] prior petition, and therefore were not offered simply to remediate deficiencies." *Id.* Generally, courts have narrowly interpreted *King*, construing "deficiencies" to mean that the initial petition was dismissed without prejudice for failure to allege with sufficient particularity facts warranting habeas relief and allowing amendment to comply. *See Hemmerle v. Arizona*, 495 F.3d 1069, 1076 (9th Cir. 2007) (reasoning that "interval tolling, as defined by *King*, will often involve an incomplete or insufficient first petition"); *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), rehearing granted and opn. amended, 447 F.3d 1165 (9th Cir. 2006) (court noted that petitioner was "permitted to file another application in which the procedural deficiency was corrected"); *Evans v. Adams*, 423 F. Supp. 2d 1087, 1091 (C.D. Cal. 2006) (petitioner was not entitled to tolling for the period between a supreme court petition and subsequent superior court petition because the first petition was denied on the merits); *Gillie v. Yates,* 417 F. Supp. 2d 1134, 1137 (C.D. Cal. 2006) (petitioner was not entitled to tolling for the period after the Supreme Court denied his habeas petition because it was denied on the merits). Petitioner argues that the *King* exception should apply because the Second Superior Court Petition is limited to an elaboration of the facts of the claims brought in the First Superior Court Petition, and that the *King* exception extends to situations, like his, involving first petitions that are denied on the merits. We disagree. We read the *King* exception as providing petitioners an opportunity to cure procedural deficiencies, not to get a second bite at the apple. Moreover, such a reading would be contrary to AEDPA's stated purpose of promoting the finality of

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

Superior Court Petition was proper under California law in light of *In re Chessman*, 43 Cal.2d 408, 408 (1954) ("*Chessman*") and *In re De La Roi*, 28 Cal.2d 264, 269 (1946) ("*De La Roi*").[3] Further, irrespective of our reading of *King*, *De La Roi*, and *Chessman*, the state courts found that the Second Superior Court Petition was unreasonably delayed due to Petitioner's lack of diligence.

In his decision on the Second Superior Court Petition, Judge Michael Johnson stated that, "[t]he Second Petition relies upon declaration by people who live in the Southern California area and have been available for investigation, interview and testimony at all relevant times. These are matters that could have been and should have been presented during the extensive proceedings on the first habeas petition. . . .[W]ith reasonable diligence petitioner's current declarations could have been and should have been discovered and produced during the first habeas proceeding." (Cal. Super. Ct. Order, 7/27/2005; citations omitted.) We construe these statements as the superior court's finding that the Second Superior Court Petition was improper in light of Petitioner's lack of diligence. Thereafter, both the California Supreme Court (Cal. S.Ct. Order, 3/21/2007) and the California Court of Appeals (CCA Order, 4/11/2006) denied Petitioner's subsequent habeas filings without comment. The United States Supreme Court has stated that state court determinations of whether a petition is filed in a "reasonable time" are determinative. *See Saffold*, 536 U.S. at 226 ("If the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,' that would be the end of the matter . . . ."); *Chavis*, 546 U.S. at 198 (A federal court must decide whether a request was filed in a reasonable time

---

state court judgments. *See Saffold*, 536 U.S. at 220. Were we to accept Petitioner's argument that the *King* exception applies to these facts, we would be sanctioning piecemeal presentation of petitions that could indefinitely extend statutory tolling.

[3]In both *De La Roi* and *Chessman*, the California Supreme Court addressed the filing of successive habeas petitions. In both cases, the California Supreme Court rejected such filings, finding that there was not a sufficient change in the facts or law to justify the successive petitions. *See Chessman*, 43 Cal.2d at 408; *De La Roi*, 28 Cal.2d at 275. In deciding both cases, the California Supreme Court identified a distinction between evidentiary facts and ultimate facts, finding that a change in ultimate facts was required before allowing a successive habeas petition to be brought. *Chessman*, 43 Cal.2d at 408; *De La Roi*, 28 Cal. 2d at 274. Here, in bringing his Second Superior Court Petition, Petitioner brought forth three new witnesses who purported to corroborate his allegation that the victim was a prostitute. In light of *De La Roi* and *Chessman*, we doubt that the California Supreme Court would have considered these witnesses' testimony as constituting an ultimate fact. Even were we to credit Petitioner's new witnesses, evidence that the victim was a prostitute would not have necessarily established Petitioner's innocence. Petitioner contends that in *In re Martin*, 44 Cal.3d 1 (1987) ("*Martin*"), the California Supreme Court shifted away from the distinction between evidentiary facts and ultimate facts, instead requiring only "new facts . . . supported by exhibits of recent date." 44 Cal.3d at 27 n.3. Although we are doubtful that *Martin* overruled *De La Roi* or *Chessman* by this footnote, which does not explicitly mention either decision, we need not decide that question here.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

"[i]n the absence of . . . clear indication that a particular request for appellate review was timely or untimely . . . .").[4]

### 3. Petitioner Unreasonably Delayed Filing the CCA Petition

Irrespective of the foregoing, we have also considered whether the time between the First Superior Court Petition and CCA Petition is amenable to tolling, without regard to the Second Superior Court Petition. California's unique status as an "original writ," as opposed to an "appeal," state may allow us to view the CCA Petition as part of the "first round" started by the First Superior Court Petition. The "original writ" system of collateral review allows a petitioner to file original petitions for review at any level of the state court system. *See Saffold*, 536 U.S. at 221. "By definition, an original petition does not require that a petitioner raise the same claims that he may have raised below . . . ." *Welch v. Newland*, 267 F.3d 1013, 1017-18 (9th Cir. 2001); *see also Biggs*, 339 F.3d at 1048. Because subsequent petitions may contain completely different claims, and because a state habeas petitioner files anew at each level, rather than appealing a specific decision of the lower court, it may be appropriate to treat the CCA petition as being part of the first round started by the First Superior Court Petition, rather than treating it as part of a second round started by the Second Superior Court Petition.

Even if we put aside the Second Superior Court Petition, and treat the CCA petition as part of the first round, the relevant interval lies between the California Superior Court's February 10, 2005 denial of the motion for reconsideration and the September 29, 2005 filing of the CCA petition. This is a gap of 230 days. Petitioner must explain this delay, as "only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court. . . ." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (emphasis in original). A state petition is timely only if it is filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *Chavis*, 546 U.S. at 191 (citing *In re Harris*, 5 Cal.4th 813, 828 n.7 (1993)). In *Chavis*, the Supreme Court held that "[in] the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' . . . or (2) clear indication that a particular request for appellate review was timely or untimely . . . the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Chavis*, 546 U.S. at 198.

In *Chavis*, the Supreme Court reviewed a Ninth Circuit ruling that a three year and one month interval between the denial of a state prisoner's California Court of Appeal habeas petition and the filing of his California Supreme Court habeas petition was "pending" and thus tolled under § 2244(d)(2). *Id.* at 200-01. The petitioner in *Chavis* attempted to explain the delay by arguing that he was unable to

---

[4]Here, in the absence of a reasoned opinion from either the California Supreme Court or the California Court of Appeal, we "look through" these unreasoned denials, and deem the views expressed by the superior court in its denial of the Second Superior Court Petition to be those of the California state courts. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804–06 (1991).

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

work in the prison law library because either his prison job's hours prevented him from doing so or because prison lockdowns kept him in his cell. *Id.* at 200. However, the Court found that, "viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months. *Id.* at 201. The Court went on to state that "[s]ix months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." *Id.* (citing *Saffold*, *supra*, at 219). Finally, the Court stated that "[w]e have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Id.*

Having reviewed the record available to the Court, we find that Petitioner lacks sufficient justification for a delay of 230 days. Petitioner's counsel questioned Guletta, the witness deemed not credible by the superior court in the First Superior Court Petition, in early March 2005 to determine if more witnesses could be ascertained. After an extended investigation of the information supplied by Guletta, Petitioner produced the three additional witnesses whose declarations were included in the Second Superior Court Petition, the last of whom's declaration was executed on May 19, 2005. The private investigator's declaration was executed on June 23, 2005. After rejection of the Second Superior Court Petition, Petitioner filed the CCA Petition on September 29, 2005.

Although it appears that Petitioner's counsel diligently undertook the investigation that led to the discovery of the three additional witnesses *after* the motion for reconsideration of the First Superior Court Petition was denied, there is no reason that Petitioner's counsel could not have been diligent *before* the First Superior Court Petition was denied. It was Guletta's information that led to the discovery of the three new witnesses. Guletta was known as a witness well before the First Superior Court Petition was ever filed. In fact, Guletta's declaration attached to the First Superior Court Petition was executed on October 3, 2002, three and a half months before AEDPA's statute of limitations began to run and over two years before the investigation leading to the new witnesses began. There is no reason why a diligent investigation of the same order as the one that led to the three new witnesses could not have begun before the motion for reconsideration was denied. Therefore, we cannot say that the delay in filing the CCA petition was justified. The interval of 230 days remains unjustified and insufficiently explained, and therefore statutory tolling does not apply to this delay. *See Chavis*, 546 U.S. at 201. This conclusion is bolstered by the summary denial of the petitions filed in the California Court of Appeal and California Supreme Court.[5]

---

[5] As we stated above, our view of whether Petitioner filed the CCA Petition within a "reasonable time" must consider whether a California state court would have found the interval to be reasonable. *See Chavis*, 546 U.S. at 198 (a "federal court must decide whether the filing of the [habeas petition] . . . was made within what California would consider a 'reasonable time.'"). Insofar as we "look through" the unreasoned denials of the California Court of Appeal and California Supreme Court, the only commentary on the reasonableness of Petitioner's investigatory time comes in the denial of the Second

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2142-GHK (RC) | Date | August 12, 2008 |
|---|---|---|---|
| Title | *Del Banjo v. Robert L. Ayers, Jr.* | | |

Even if we were to afford Petitioner the benefit of tolling of this additional investigative time, there is still an unjustified delay of more than three months, from June 23, 2005, when the last declaration was signed, until September 29, 2005.[6] This 98-day delay falls significantly beyond the 30 to 60 days cited in *Chavis*, 546 U.S. at 201 and *Saffold*, 536 U.S. at 219.  The Ninth Circuit has not set forth a standard for determining what period of time constitutes substantial delay, nor has it set forth a standard for determining what factors justify any length of delay.  *See King v. Lamarque*, 464 F.3d 963, 966 (9th Cir. 2006).  However, even accepting the additional time for Petitioner to investigate, many district courts have found unexplained delays even shorter than 98 days to be unreasonable.  *See, e.g.*, *Henry Ngo Wu v. Curry*, 2008 WL 2441401, *5 (N.D. Cal. June 13, 2008); *Livermore v. Watson*, 2008 WL 802330, *4 (E.D. Cal. Mar. 26, 2008) (finding unjustified 78-day delay unreasonable; *Hunt v. Feller*, 2008 WL 364995, *3 (E.D. Cal. Feb. 8, 2008) (finding unjustified 70-day delay unreasonable); *Young v. Hickman*, 2008 WL 361011, *3 (E.D. Cal. Feb. 8, 2008) (finding unjustified 95-day delay unreasonable); *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding unjustified 97- and 71-day delays unreasonable).

For all these reasons, we find and conclude that Petitioner's federal petition for writ of habeas corpus is untimely.

**VI.    Conclusion**

In sum, we adopt the magistrate judge's R&R to the extent that it is consistent with this Order.  In accordance with the magistrate judge's R&R and this Order, we hereby **DISMISS** as untimely Petitioner's petition for writ of habeas corpus.

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |

---

Superior Court Petition.  As discussed in section II.B.2., *supra*, that superior court stated that "with reasonable diligence Petitioner's current declarations could have been and should have been discovered and produced during the first habeas proceeding."  (Cal. Super. Ct. Order, 7/27/2005.)  We construe this as evidence that the California state courts found unreasonable the delay between the resolution of the First Superior Court Petition and the filing of the CCA Petition.

[6]Because this analysis presupposes an upward progression from the First Superior Court Petition, and because we conclude that the Second Superior Court Petition was not justified, we do not view the interval while the Second Superior Court Petition was pending as an explained or justified delay.